UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO.:

BARBARA JAMES,

    Plaintiff,

v.

WILLIAM WARREN PROPERTIES, INC.
d/b/a STORQUEST EXPRESS,
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED

Plaintiff, **BARBARA JAMES** ("Plaintiff"), hereby files this Complaint against Defendant **WILLIAM WARREN PROPERTIES, INC. d/b/a STORQUEST EXPRESS** ("Defendant"), and hereby states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking recovery for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES. JURISDICTION, AND VENUE

2. Plaintiff is an adult individual.

3. Defendant is a Foreign Profit Corporation that operates and conducts business in, among others, Lee County, Florida, and is thus within this court's jurisdiction.

4. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

5. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Lee County, Florida.

6. Plaintiff worked for Defendant in Lee County, Florida, and therefore the proper venue for this case is the Fort Myers Division of the Middle District of Florida.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to

treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendant as a Store Manager/Property Manager from July 1, 2021, until her termination on April 30, 2024.

10. During her tenure, Plaintiff was an excellent employee, who had no significant history of non-ADA/FMLA/FCRA related attendance, performance, or disciplinary issues.

11. Unfortunately, Plaintiff suffers from a mental health condition.

12. On April 18, 2024, after leaving early, Plaintiff reached out to team member Chad Merrifield ("Mr. Merrifield") and District Manager Scott Kubach ("Mr. Kubach") in order to see if Plaintiff could have her shift covered for the following day, April 19, 2024.

13. Plaintiff was unable to reach either man, so Plaintiff sent a photo of her cut arm and notified Mr. Kubach that she was being admitted to the hospital under the Baker Act.

14. Defendant never notified Plaintiff of her rights under the FMLA, despite Plaintiff's disclosure of her serious health condition and clear need for leave.

15.    Plaintiff sought medical treatment and her physicians recommended that she return to work on or about April 23, 2022.

16.    During her recovery, Plaintiff kept her employers appraised of her condition and provided Defendant with medical paperwork documenting her condition and need for reasonable time off/accommodation.

17.    Three days later, on April 21, 2024, Plaintiff reached out to Mr. Kubach to notify Mr. Kubach that Plaintiff was cleared by the doctors to return to work with no restrictions on April 23, 2024.

18.    On April 23, 2024, Plaintiff returned to work, arriving for the start of her shift prepared to work the day.

19.    Defendant notified Plaintiff that she was on an "unpaid leave of absence" until further notice from HR.

20.    Defendant's HR department attempted to explain that Plaintiff's forced leave of absence was for "medical reasons" and that Plaintiff could "possibly return" in a week.

21.    Plaintiff objected to this compulsory leave of absence as she was medically cleared by her examining physician to work with no restrictions.

22.    On April 29, 2024, Plaintiff received a call from Defendant, stating that she is cleared to come in to work on Friday, April 30, 2024.

23. At around 12:40 p.m., after Plaintiff had arrived at work, Defendant handed Plaintiff termination papers, asking her to sign, and terminating Plaintiff, effective immediately.

24. Defendant claimed that Plaintiff was caught "stealing."

25. However, when Plaintiff requested to be shown the evidence of her alleged theft, no evidence was given and Defendant told Plaintiff that "she's fired anyway."

26. It is clear that Defendant retaliated against Plaintiff based on her serious health condition and her utilization FMLA leave.

27. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff 's employment is pure pretext.

28. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition and for taking protected FMLA leave.

29. Defendant's actions were unlawful and constitute actionable violations of the FMLA.

30. Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing her serious health condition, requesting leave, and taking leave), and unquestionably suffered an adverse employment action (termination).

31. The timing of Defendant's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case.*

32. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

33. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

34. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

35. The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

36. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use of protected FMLA leave.

37. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

38. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

39.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA

40.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 25, 27 through 30, and 33 through 39, above.

41.     At all times relevant hereto, Plaintiff was protected by the FMLA.

42.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

43.     At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

44.     As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

45.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages,

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 13, and 15 through 39, above.

47. At all times relevant hereto, Plaintiff was protected by the FMLA.

48. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

49. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

50. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use or attempted use of leave pursuant to the FMLA.

51. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

52. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 29th day of April, 2026.

Respectfully Submitted,

*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Attorneys for Plaintiff*